IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRAHIM WATERMAN, | § | |
| | § | No. 484, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1412017572 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 11, 2016
Decided: July 8, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 8th day of July 2016, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On February 16, 2015, the appellant, Brahim Waterman, was indicted on charges of Drug Dealing, Aggravated Possession, Resisting Arrest, and Criminal Mischief. On April 1, 2015, Waterman pled guilty to Possession with Intent to Distribute Heroin and Resisting Arrest. The plea agreement provided that there would be a presentence investigation, and that the State would seek habitual offender sentencing and would recommend no more than ten years at Level V.

(2)     On August 5, 2015, the State moved to declare Waterman a habitual offender. The Superior Court granted that motion at sentencing on August 7, 2015. At sentencing, Waterman apologized and requested treatment. The Superior Court sentenced Waterman to ten years at Level V and the Greentree Program. This is Waterman's direct appeal.

(3)     On appeal, Waterman's defense counsel ("Defense Counsel") has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).[1] Defense Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Advised that he had a right to supplement the draft brief with written points for the Court's consideration, Waterman provided Defense Counsel with points that are included in the brief filed with the Court. The brief also includes a copy of a two-page letter from Waterman to the Superior Court President Judge concerning Waterman's dissatisfaction with Defense Counsel. The State has responded to Waterman's points and his letter to the President Judge and has moved to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and brief under Rule 26(c), the Court must be satisfied that counsel has made a conscientious examination of the

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

record and the law for arguable claims.[2] Additionally, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3] If the Court finds nonfrivolous issues for appeal, the Court will grant counsel's motion to withdraw and will appoint new counsel to represent the appellant on appeal.[4]

(5) The Court has reviewed Waterman's points. In them, Waterman expresses remorse for his criminal acts and regret that he was not provided with appropriate drug treatment in the past. He does not contest the voluntariness of the plea or the sentence imposed.

(6) There is no basis for this Court to review Waterman's letter to the President Judge. The letter was not submitted in response to the Rule 26(c) submission provided by Defense Counsel. Furthermore, claims of ineffective assistance of counsel are not reviewable on direct appeal.[5]

(7) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[6] the Court concludes that the appeal is "wholly

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81-82.

[4] *Id.* at 80.

[5] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[6] *Penson v. Ohio*, 488 U.S. at 80.

3

without merit."[7] The Court is satisfied that Defense Counsel made a conscientious effort to examine the record and the law and properly determined that Waterman could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[7] *Supra* note 1.